ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMONS PLEAS |
| | 7th JUDICIAL COURT |
| COUNTY OF CHEROKEE | Civil Action No.: 2021-CP-11-_____ |
| Sparkle Futrell and Etoya Jefferies, Individually and as Guardians of L.J., a minor under the age of 14, | |
| Plaintiff, | **AMENDED SUMMONS** |
| v. | **(JURY TRIAL REQUESTED)** |
| Barrs Recreation, LLC, BCI Burke Company, LLC, and Outback Creations, LLC. | |
| Defendants. | |

TO:     THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said complaint upon the subscriber, at his office at PO Box 5048, Spartanburg, SC 29304, within thirty (30) days after the service thereof, exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

HAWKLAW, PA

/s/ *Andrew C. Evans*
Andrew C. Evans, SC Bar No 100605
Post Office Box 5048
Spartanburg, SC 29304
Telephone Number: (864) 574-8801
Fax Number: (864) 574-8810
*Attorney for Plaintiff*

Charleston, South Carolina
January 19, 2022

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHEROKEE<br><br>Sparkle Futrell and Etoya Jefferies, Individually and as Guardians of L.J., a minor under the age of 14,<br><br>                                                    Plaintiff,<br>v.<br><br>Barrs Recreation, LLC, BCI Burke Company, LLC, and Outback Creations, LLC.<br><br>                                                    Defendants. | IN THE COURT OF COMMONS PLEAS<br>7th JUDICIAL COURT<br>Civil Action No.: 2021-CP-11-_____<br><br><br><br><u>**AMENDED COMPLAINT**</u><br><u>**(JURY TRIAL REQUESTED)**</u> |

The Plaintiff would respectfully show unto the Court that:

1. Plaintiff Sparkle Futrell (hereinafter "Plaintiff Futrell") is a citizen and resident of Cherokee County, South Carolina and is the natural mother and guardian of L.J., a minor child under the age of 14 (hereinafter "Plaintiff L.J." or "Plaintiff").

2. Plaintiff Etoya Jefferies (hereinafter "Plaintiff Jefferies") is a citzien resident of Cherokee County, South Carolina and the natural father and guardian of Plaintiff L.J.

3. Upon information and belief, Defendant Barrs Recreation, LLC (hereinafter, "Defendant Barrs" or "Barrs") is a limited liability corporation organized and existing under the laws of a State other than South Carolina and frequently transacts business in the State of South Carolina and Cherokee County, including the sale of the playground equipment complained of herein.

4. Upon information and belief, Defendant BCI Burke Company, LLC (hereinafter, "Defendant BCI" or "BCI") is a limited liability corporation organized and existing under the laws of a State other than South Carolina and frequently transacts business in the State of South Carolina and Cherokee County, including the sale of the

equipment complained of herein.

5. Upon information and belief, Defendant Outback Creations, LLC (hereinafter, "Defendant Outback" or "Outback") is a limited liability corporation organized and existing under the laws of a State other than South Carolina and frequently transacts business in the State of South Carolina and Cherokee County, including the assembly, construction, and erection of the equipment complained of herein.

6. All acts and omissions complained of herein occurred in Cherokee County, South Carolina.

7. This Court has jurisdiction over the person and subject matter of this action and venue is proper in Cherokee County, South Carolina, pursuant to S.C. Code Ann. § 15-7-30(C)(1).

## FACTUAL BACKGROUND

8. All prior paragraphs are reiterated as if fully restated verbatim herein.

9. On or about February 4, 2019, Plaintiff L.J. was a student at Limestone-Central Elementary School in Cherokee County, South Carolina.

10. Upon information and belief, Defendants are engaged in the business of designing, manufacturing, selling, distributing, and/or assembling playground equipment, including the playground equipment at Limestone-Central Elementary School that is the subject of this action.

11. As Plaintiff L.J. was playing outside during recess on the playground equipment designed, manufactured, sold, distributed, and/or assembled by the Defendants, she fell onto a protruding portion of the playground equipment, which was in a hazardous and unsafe condition, causing her severe injury and other damages.

12. At all times relevant hereto, Plaintiff L.J. was exercising reasonable care for her own safety.

13. As a result of the fall caused by the hazardous protrusion, Plaintiffs suffered damages as more fully set forth below.

**FOR A FIRST CAUSE OF ACTION**
**(Strict Liability as to Defendant Barrs Recreation)**

14. All prior paragraphs are reiterated as if fully restated verbatim herein.

15. Defendant Barrs placed into the stream of commerce, a product, namely the defective playground equipment, which was defective, unfit, and unusually dangerous to the intended users or consumers, including the Plaintiffs, for which the Defendant is strictly liable for all damages caused by the defective condition of the playground equipment.

16. The Plaintiffs are informed and believe that they are entitled to judgement against Defendant Barrs for both actual and punitive damages, all of which were directly and proximately caused by the Defendant's acts and/or omissions as more fully set forth above, in an amount as may be determined by the trier of fact.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence, Gross Negligence, Recklessness as to Defendant Barrs Recreation)**

17. All prior paragraphs are reiterated as if fully restated verbatim herein.

18. Defendant Barrs Recreation had a duty to ensure it was distributing playground equipment that did not pose an unreasonable risk of harm to others, including the Plaintiffs.

19. Defendant Barrs Recreation and its agents, employees, and servants were negligent, grossly negligent, reckless, wanton and willful in the breach of their duties owed to Plaintiffs in one or more of the following particulars:

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

    a.    In distributing, or allowing to be distributed, the playground equipment, which Defendant Barrs knew or should have known posed an unreasonable risk of harm to its users, including Plaintiff L.J.;

    b.    In failing to discover that the playground equipment posed an unreasonable risk of harm to its users, including Plaintiff L.J.;

    c.    In failing to inspect the playground equipment to ensure it was not in a condition that posed an unreasonable risk of harm to its users, including Plaintiff L.J.;

    d.    In failing to instruct on the proper and safe installation, use, inspection, and maintenance of the equipment;

    e.    In failing to warn Plaintiff L.J. and others of the dangerous condition of the playground equipment; and

    f.    In such other particulars as may be revealed during discovery and at the trial of this matter.

20. As a direct and proximate result of Defendant Barrs's breaches of duty as more fully stated above, Plaintiffs have sustained injuries and damages including, but not necessarily limited to:

    a.    Medical bills, costs and expenses for the treatment of her injuries, past, present, and future;

    b.    Pain and suffering, past, present, and future;

    c.    Permanent injury and impairment;

    d.    Loss of enjoyment of life;

    e.    Loss of use;


ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

    f.     Disability for a period of time;

    g.     Mental anguish and distress;

    h.     Lost wages and income; and,

    i.     Such other and further damages as shall be proven at trial.

21.    Defendants are jointly and severally liable for actual and punitive damages.

## FOR A THIRD CAUSE OF ACTION
### (Strict Liability, Negligent, Grossly Negligent, Reckless Failure to Warn and/or Instruct as to Defendant Barrs Recreation)

22.    All prior paragraphs are reiterated as if fully restated verbatim herein.

23.    Defendant Barrs Recreation had a duty to ensure it was distributing playground equipment that was not in a defective, unfit, and unusually dangerous condition to the intended users or consumers and did not pose an unreasonable risk of harm to others, including the Plaintiffs by not including adequate warnings and/or instructions.

24.    Defendant Barrs Recreation and its agents, employees, and servants were strictly liable, negligent, grossly negligent, reckless, wanton and willful in the breach of their duties owed to Plaintiffs in one or more of the following particulars:

    a.     In distributing playground equipment that did not include sufficient warnings and/or instructions for adequate and safe installation;

    b.     In distributing playground equipment that did not include sufficient warnings and/or instructions for adequate and safe use;

    c.     In distributing playground equipment that did not include sufficient warnings and/or instructions for adequate and safe inspection and/or assessment to ascertain whether it was in a dangerous and hazardous condition;

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

   d. In distributing playground equipment that did not include sufficient warnings and/or instructions for adequate and safe repair;

   e. In such other particulars as may be revealed during discovery and at the trial of this matter.

25. As a direct and proximate result of Defendant Barrs's strict liability and breaches of duty as more fully stated above, Plaintiffs have sustained injuries and damages including, but not necessarily limited to:

   a. Medical bills, costs and expenses for the treatment of her injuries, past, present, and future;

   b. Pain and suffering, past, present, and future;

   c. Permanent injury and impairment;

   d. Loss of enjoyment of life;

   e. Loss of use;

   f. Disability for a period of time;

   g. Mental anguish and distress;

   h. Lost wages and income; and,

   i. Such other and further damages as shall be proven at trial.

26. Defendants are jointly and severally liable for actual and punitive damages.

## FOR A FOURTH CAUSE OF ACTION
**(Breach of Implied Warranty of Merchantability as to Defendant Barrs Recreation)**

27. All prior paragraphs are reiterated as if fully restated verbatim herein.

28. Defendant is a seller of playground equipment.

29. Defendant sold the complained-of playground equipment, which would not have passed without objection in the trade and was unfit for its ordinary purpose.

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

30. Defendant's Implied Warranty of Merchantability extended to Plaintiffs as natural persons expected to use, consume, or be affected by the good.

31. As a result of this breach of the Implied Warranty of Merchantability, Plaintiffs incurred injury and damages.

32. The Plaintiffs are informed and believe that they are entitled to judgement against Defendant Barrs for both actual and punitive damages, all of which were directly and proximately caused by the Defendant's breach of the Implied Warrant of Merchantability, in an amount as may be determined by the trier of fact.

## FOR A FIFTH CAUSE OF ACTION
**(Breach of Implied Warranty of Fitness for a Particular Purpose as to Defendant Barrs Recreation)**

33. All prior paragraphs are reiterated as if fully restated verbatim herein.

34. Defendant is a seller of playground equipment.

35. Defendant sold the complained-of playground equipment which was unfit for the particular purpose for which it was required, and the buyer of the equipment relied upon the Defendant's skill or judgment in selecting the equipment.

36. Defendant's Implied Warranty of Fitness for a Particular Purpose extended to Plaintiffs as natural persons expected to use, consume, or be affected by the good.

37. As a result of this breach of the Implied Warranty of Fitness for a Particular Purpose, Plaintiffs incurred injury and damages.

38. The Plaintiffs are informed and believe that they are entitled to judgement against Defendant Barrs for both actual and punitive damages, all of which were directly and proximately caused by the Defendant's breach of the Implied Warranty of Fitness for a Particular Purpose, in an amount as may be determined by the trier of fact.

**FOR A SIXTH CAUSE OF ACTION**
**(Strict Liability as to Defendant BCI Burke)**

39.     All prior paragraphs are reiterated as if fully restated verbatim herein.

40.     That Defendant BCI placed into the stream of commerce, a product, namely the defective playground equipment, which was defective, unfit, and unusually dangerous to the intended users or consumers, including the Plaintiffs, for which the Defendant is strictly liable for all damages caused by the defective condition of the playground equipment.

41.     The Plaintiffs are entitled to judgement against Defendant BCI for both actual and punitive damages, all of which were directly and proximately caused by the Defendant's acts and/or omissions as more fully set forth above, in an amount as may be determined by the trier of fact.

**FOR A SEVENTH CAUSE OF ACTION**
**(Negligence, Gross Negligence, Recklessness as to Defendant BCI Burke)**

42.     All prior paragraphs are reiterated as if fully restated verbatim herein.

43.     Defendant BCI owed Plaintiffs certain duties of care, including the duty to take reasonable care to ensure Plaintiff L.J.'s safety.

44.     Defendant BCI and its agents, employees, and servants were negligent, grossly negligent, reckless, wanton and willful in the breach of their duties owed to Plaintiffs in one or more of the following particulars:

    a.     In distributing playground equipment that it knew or should have known posed an unreasonable risk of harm to its users, including Plaintiff L.J.;

    b.     In failing to discover that its playground equipment posed an

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

unreasonable risk of harm to its users, including Plaintiff L.J.;

c. In failing to properly instruct others on the proper construction and/or maintenance of the playground equipment so as to not pose an unreasonable risk of harm to its users, including Plaintiff L.J.;

d. In failing to recall the defective playground equipment once it knew or should have known that it posed an unreasonable risk of harm to its users, including Plaintiff L.J.;

e. In failing to instruct on the proper and safe installation, use, inspection, and maintenance of the equipment;

f. In failing to warn Plaintiff L.J. and others of the dangerous condition of the playground equipment; and

g. In such other particulars as may be revealed during discovery and at the trial of this matter.

45. As a direct and proximate result of Defendant BCI's breaches of duty as more fully stated above, Plaintiffs have sustained injuries and damages including, but not necessarily limited to:

a. Medical bills, costs and expenses for the treatment of her injuries, past, present, and future;

b. Pain and suffering, past, present, and future;

c. Permanent injury and impairment;

d. Loss of enjoyment of life;

e. Loss of use;

f. Disability for a period of time;

   g. Mental anguish and distress;

   h. Lost wages and income; and,

   i. Such other and further damages as shall be proven at trial.

46. Defendants are jointly and severally liable for actual and punitive damages.

## FOR AN EIGHTH CAUSE OF ACTION
### (Strict Liability, Negligent, Grossly Negligent, Reckless Design as to Defendant BCI Burke)

47. All prior paragraphs are reiterated as if fully restated verbatim herein.

48. Defendant BCI owed Plaintiffs certain duties of care, including the duty to take reasonable care to ensure Plaintiff L.J.'s safety.

49. Defendant BCI and his agents, employees, and servants were strictly liable, negligent, grossly negligent, reckless, wanton and willful in the breach of their duties owed to Plaintiffs in designing playground equipment that it knew or should have known posed an unreasonable risk of harm to its users, including Plaintiff L.J.

50. As a direct and proximate result of Defendant BCI's breaches of duty as more fully stated above, Plaintiffs have sustained injuries and damages including, but not necessarily limited to:

   a. Medical bills, costs and expenses for the treatment of her injuries, past, present, and future;

   b. Pain and suffering, past, present, and future;

   c. Permanent injury and impairment;

   d. Loss of enjoyment of life;

   e. Loss of use;

   f. Disability for a period of time;

   g. Mental anguish and distress;

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

   h. Lost wages and income; and,

   i. Such other and further damages as shall be proven at trial.

51. Defendants are jointly and severally liable for actual and punitive damages.

### FOR A NINTH CAUSE OF ACTION
**(Strict Liability, Negligent, Grossly Negligent, Reckless Manufacturing as to Defendant BCI Burke)**

52. All prior paragraphs are reiterated as if fully restated verbatim herein.

53. Defendant BCI owed Plaintiffs certain duties of care, including the duty to take reasonable care to ensure Plaintiff L.J.'s safety.

54. Defendant BCI and his agents, employees, and servants were strictly liable, negligent, grossly negligent, reckless, wanton and willful in the breach of their duties owed to Plaintiffs in manufacturing playground equipment that it knew or should have known posed an unreasonable risk of harm to its users, including Plaintiff L.J.

55. As a direct and proximate result of Defendant BCI's breaches of duty as more fully stated above, Plaintiffs have sustained injuries and damages including, but not necessarily limited to:

   a. Medical bills, costs and expenses for the treatment of her injuries, past, present, and future;

   b. Pain and suffering, past, present, and future;

   c. Permanent injury and impairment;

   d. Loss of enjoyment of life;

   e. Loss of use;

   f. Disability for a period of time;

   g. Mental anguish and distress;

    h. Lost wages and income; and,

    i. Such other and further damages as shall be proven at trial.

56. Defendants are jointly and severally liable for actual and punitive damages.

## FOR A TENTH CAUSE OF ACTION
### (Strict Liability, Negligent, Grossly Negligent, Reckless Failure to Warn and/or Instruct as to Defendant BCI Burke)

57. All prior paragraphs are reiterated as if fully restated verbatim herein.

58. Defendant BCI had a duty to ensure it was designing, manufacturing, and distributing playground equipment that was not in a defective, unfit, and unusually dangerous condition to the intended users or consumers and did not pose an unreasonable risk of harm to others, including the Plaintiffs by not including adequate warnings and/or instructions.

59. Defendant BCI and its agents, employees, and servants were strictly liable, negligent, grossly negligent, reckless, wanton and willful in the breach of their duties owed to Plaintiffs in one or more of the following particulars:

    a. In designing, manufacturing, and distributing playground equipment that did not include sufficient warnings and/or instructions for adequate and safe installation;

    b. In designing, manufacturing, and distributing playground equipment that did not include sufficient warnings and/or instructions for adequate and safe use;

    c. In designing, manufacturing, and distributing playground equipment that did not include sufficient warnings and/or instructions for adequate and safe inspection and/or assessment to ascertain whether it was

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

in a dangerous and hazardous condition;

d. In designing, manufacturing, and distributing playground equipment that did not include sufficient warnings and/or instructions for adequate and safe repair;

e. In such other particulars as may be revealed during discovery and at the trial of this matter.

60. As a direct and proximate result of Defendant BCI's strict liability and breaches of duty as more fully stated above, Plaintiffs have sustained injuries and damages including, but not necessarily limited to:

a. Medical bills, costs and expenses for the treatment of her injuries, past, present, and future;

b. Pain and suffering, past, present, and future;

c. Permanent injury and impairment;

d. Loss of enjoyment of life;

e. Loss of use;

f. Disability for a period of time;

g. Mental anguish and distress;

h. Lost wages and income; and,

i. Such other and further damages as shall be proven at trial.

61. Defendants are jointly and severally liable for actual and punitive damages.

**FOR AN ELEVENTH CAUSE OF ACTION**
**(Breach of Implied Warranty of Merchantability as to Defendant BCI Burke)**

62. All prior paragraphs are reiterated as if fully restated verbatim herein.

63. Defendant is a seller of playground equipment.

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

64. Defendant sold the complained-of playground equipment which would not have passed without objection in the trade and was unfit for its ordinary purpose.

65. Defendant's Implied Warranty of Merchantability extended to Plaintiffs as natural persons expected to use, consume, or be affected by the good.

66. As a result of this breach of the Implied Warranty of Merchantability, Plaintiffs incurred injury and damages.

67. The Plaintiffs are informed and believe that they are entitled to judgement against Defendant BCI for both actual and punitive damages, all of which were directly and proximately caused by the Defendant's breach of the Implied Warrant of Merchantability, in an amount as may be determined by the trier of fact.

## FOR A TWELFTH CAUSE OF ACTION
**(Breach of Implied Warranty of Fitness for a Particular Purpose as to Defendant BCI Burke)**

68. All prior paragraphs are reiterated as if fully restated verbatim herein.

69. Defendant is a seller of playground equipment.

70. Defendant sold the complained-of playground equipment which was unfit for the particular purpose for which it was required, and the buyer of the equipment relied upon the Defendant's skill or judgment in selecting the equipment.

71. Defendant's Implied Warranty of Fitness for a Particular Purpose extended to Plaintiffs as natural persons expected to use, consume, or be affected by the good.

72. As a result of this breach of the Implied Warranty of Fitness for a Particular Purpose, Plaintiffs incurred injury and damages.

73. The Plaintiffs are informed and believe that they are entitled to judgement against Defendant BCI for both actual and punitive damages, all of which were directly and

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

proximately caused by the Defendant's breach of the Implied Warranty of Fitness for a Particular Purpose, in an amount as may be determined by the trier of fact.

### FOR A THIRTEENTH CAUSE OF ACTION
**(Strict Liability as to Defendant Outback)**

74. All prior paragraphs are reiterated as if fully restated verbatim herein.

75. That Defendant Outback placed into the stream of commerce, a product, namely the defective playground equipment, which was defective, unfit, and unusually dangerous to the intended users or consumers, including the Plaintiffs, for which the Defendant is strictly liable for all damages caused by the defective condition of the playground equipment.

76. The Plaintiffs are entitled to judgement against Defendant Outback for both actual and punitive damages, all of which were directly and proximately caused by the Defendant's acts and/or omissions as more fully set forth above, in an amount as may be determined by the trier of fact.

### FOR A FOURTEENTH CAUSE OF ACTION
**(Strict Liability, Negligence, Gross Negligence, Recklessness as to Defendant Outback)**

77. All prior paragraphs are reiterated as if fully restated verbatim herein.

78. Defendant Outback owed Plaintiffs certain duties of care, including the duty to take reasonable care to ensure Plaintiff L.J.'s safety.

79. Defendant Outback and its agents, employees, and servants were negligent, grossly negligent, reckless, wanton and willful in the breach of their duties owed to Plaintiffs in one or more of the following particulars:

    a. In failing to safely and adequately assemble, construct, and erect the playground equipment so it would not pose an unreasonable risk of harm to

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

its users, including Plaintiff L.J.;

b.  In failing to adequately follow the instructions and/or guidelines for safe and proper assembly, construction, and erection of the playground equipment so it would not pose an unreasonable risk of harm to its users, including Plaintiff L.J.;

c.  In failing to safely and adequately assemble, construct, and erect the playground equipment so as to ensure it could not be tampered, modified, or fall into a state of disrepair so as to pose an unreasonable risk of harm to its users, including Plaintiff L.J.;

d.  In failing to assemble, construct, and erect the playground equipment with proper and sufficient warnings that it posed an unreasonable risk of harm to its users, including Plaintiff L.J.;

e.  In failing to adequately inspect the playground equipment after assembly, construction, and erection to ensure that it did not pose an unreasonable risk of harm to its users, including Plaintiff L.J.;

f.  In leaving the playground equipment in a state wherein Defendant knew or should have known that it posed an unreasonable risk of harm to its users, including Plaintiff L.J.;

g.  In failing to hire employees who were capable of safely and adequately assembling, constructing, and erecting the playground equipment so it would not pose an unreasonable risk of harm to its users, including Plaintiff L.J.;

h.  In failing to train employees to ensure they were capable of safely

and adequately assembling, constructing, and erecting the playground equipment so it would not pose an unreasonable risk of harm to its users, including Plaintiff L.J.;

i. In retaining employees who were incapable of safely and adequately assembling, constructing, and erecting the playground equipment so it would not pose an unreasonable risk of harm to its users, including Plaintiff L.J., when they knew or should have known those employees should not have been retained;

j. In such other particulars as may be revealed during discovery and at the trial of this matter.

80. As a direct and proximate result of Defendant Outback's breaches of duty as more fully stated above, Plaintiffs have sustained injuries and damages including, but not necessarily limited to:

a. Medical bills, costs and expenses for the treatment of her injuries, past, present, and future;

b. Pain and suffering, past, present, and future;

c. Permanent injury and impairment;

d. Loss of enjoyment of life;

e. Loss of use;

f. Disability for a period of time;

g. Mental anguish and distress;

h. Lost wages and income; and,

i. Such other and further damages as shall be proven at trial.

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

81. Defendants are jointly and severally liable for actual and punitive damages.

## DAMAGES

82. As a direct and proximate result of the actions, inactions, and breaches of duty of the Defendants as more fully stated above, Plaintiff L.J. has sustained injuries and damages including, but not necessarily limited to:

   a. Severe, permanent physical injury and impairment, including to sensitive areas of the body, past, present and in the future;

   b. Severe emotional trauma, past, present and in the future;

   c. Severe pain and suffering, past, present and in the future;

   d. Loss of enjoyment of life, past, present and in the future;

   e. Loss of use of body parts past, present and in the future;

   f. Disability for a period of time;

   g. Severe mental anguish and distress;

   h. Such other and further damages as shall be proven at trial.

83. As a direct and proximate result of the actions, inactions, and breaches of duty of the Defendants as more fully stated above, Plaintiffs Futrell and Jefferies have sustained injuries and damages including, but not necessarily limited to:

   a. Medical bills, costs and expenses for the treatment of Plaintiff L.J.'s injuries, past, present, and future;

   b. Loss of enjoyment of life, past, present and in the future;

   c. Severe mental anguish and distress;

   d. Lost wages, and income; and,

   e. Such other and further damages as shall be proven at trial.

ELECTRONICALLY FILED - 2022 Jan 19 1:35 PM - CHEROKEE - COMMON PLEAS - CASE#2021CP1100766

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, for actual and punitive damages in an appropriate amount to be determined at trial, the costs of this action, and for such and further relief as the Court may deem just and proper.

**Furthermore, Plaintiff demands a trial by jury.**

HAWKLAW, PA

*/S/ Andrew C. Evans*
Andrew C. Evans, SC Bar No: 100605
Post Office Box 5048
Spartanburg, SC 29304
Telephone Number: (864) 574-8801
Fax Number: (864) 574-8810
*Attorney for the Plaintiffs*

Charleston, South Carolina
January 19, 2022